MONTGOMERY COUNTY et al., Appellees, v. ARTHUR B. CASE, Appellant.

TRIAL: Dockets—Appeal in Eminent Domain Proceeding. An alleged owner of land who appeals to the district court from an award of damages in eminent domain proceedings may not complain of an order which transfers to the equity side of the calendar so much of said appeal as involves the issue whether the condemnor or the appellant owns part of the land sought to be condemned.

Headnote 1:   20 C. J. p. 1114 (Anno.).

*Appeal from Montgomery District Court.*—H. J. MANTZ, Judge.

DECEMBER 13, 1927.

Appeal from the ruling of the district court on a motion to transfer a part of the case to equity.—*Affirmed.*

R. J. Swanson and C. A. Reese, for appellant.

Floyd E. Billings and Paul Richards, for appellees.

ALBERT, J.—At all times in question herein, the defendant, Arthur B. Case, claimed to be the owner of the 180 acres of land involved herein. Bisecting this land, running in a northwesterly and southeasterly direction, was what was once a railroad right of way, 100 feet in width.

Montgomery County, through its board of supervisors, attempted to condemn what was formerly the railroad right of way, with an additional strip on either side thereof, for highway purposes. They passed a resolution with reference thereto, describing these three strips of land by metes and bounds, and resolving to condemn each of the three strips for said highway purposes. They provided, however, in their resolution that they were the owners of what was formerly the railroad right of way, and notice was served on the defendant, Case, containing a statement of these facts. He appeared, and filed a claim for damages, also objections to the condemnation proceedings; appraisers were appointed to assess the damages;

their returns were duly filed; and the matter came before the board. The report of the commission to appraise damages was approved, the objections of the defendant, Case, were over-ruled, and the road ordered established. Case appealed to the district court. In the trial of the case, a motion was made by the county to transfer the question of the dispute as to title to this condemned railroad right of way to the equity side of the calendar. The motion was sustained. Defendant, Case, excepted, and appeals.

The only question we have to determine is the correctness of this ruling by the court.

It is apparent from what has been heretofore stated that the county, on one hand, claimed to be the owner of what was formerly the railroad right of way, and the defendant, Case, claims that he is the owner of the same.

Sections 4597, 4598, and 4599, Code of 1924, provide for an appeal from the action of the board of supervisors in matters of this kind. Section 4600 reads as follows:

"The amount of damages the claimant is entitled to shall be ascertained by the court in the same manner as in actions by ordinary proceedings, and the amount ascertained shall be entered of record, but no judgment rendered therefor."

It is quite obvious from these provisions of the statute that the ultimate question to be determined in the district court was the amount of damages which should be allowed the claimant. As a prerequisite to the determination of this question, it must be shown just what interest the claimant had in the property which was to be condemned: that is, whether his title was a fee-simple or a lesser interest, or whether he had only an equitable interest therein. It is therefore quite obvious that the question of title should be settled before the damages can be measured. Sustaining of this motion to transfer this case, therefore, may have worked an advantage to the appellant, instead of an injury. No question is raised as to the right of the parties to have this question of title determined at the trial, but appellant's contention is that it should not have been transferred to equity. Without passing upon the question of whether or not it should be tried in equity, we feel that, under the peculiar circumstances of the case, appellant cannot complain, because it might prove of unlimited advantage to him to

try this question in equity. He therefore is not harmed.—
*Affirmed.*

EVANS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ.,
concur.