JAMES NEWBY et al., Appellants, v. CITY OF DES MOINES, Appellee.

No. 44861.

NOVEMBER 14, 1939.

Rippey & Seeburger, for appellants.

Fred T. Van Liew, and Bruce Flick, for appellee.

MITCHELL, J.—James Newby owns and is the record title-holder of the following described premises situated in Polk county, Iowa, namely:

Southeast Quarter (SE¼) of the Northwest Quarter (NW¼), Section Twenty-nine (29), Township Seventy-eight (78) North, Range Twenty-four (24) West of the Fifth (5th) P. M.

James Newby and Bertha Newby, his wife, own and are

the record titleholders of the following described premises situated in Polk county, Iowa, namely:

The South One-Half (S½) of the Northeast Quarter (NE¼) of the Northwest Quarter (NW¼), of Section Twenty-nine (29), Township. Seventy-eight (78) North, Range Twenty-four (24) West of the Fifth (5th) P. M.

The premises owned by James Newby alone, consisting of 40 acres, are the homestead of himself and family and were operated· as a fruit and vegetable farm for many years; while the premises owned by James Newby and his wife, consisting of 20 acres, are separate and distinct from the other tract and are rented to a tenant.

The city of Des Moines filed with the sheriff a written application for condemnation of land, described as follows:

The South One-Half (S½) of the Northeast Quarter (NE¼) of the Northwest Quarter (NW¼) and the Southeast Quarter (SE¼) of the Northwest Quarter (NW¼) of Section Twenty-nine (29), Township Seventy-eight (78) North, Range Twenty-four (24) West of the Fifth (5th) P. M., Polk County, State of Iowa (less highway), and alleged that James Newby and Bertha Newby are the owners thereof. It caused notice of the proceedings to be served on the Newbys as alleged owners of said property last described, and acting thereon the condemnation jury returned a lump sum award in the amount of $19,500 on the land last above described without apportioning the same to the separate tracts or to the separate ownerships.

The Newbys appealed to the district court, filing a petition in two divisions. This cause is before this court solely on the allegation of Division I of the petition, Division I of the answer, and the reply and the ruling of the court on the motion to transfer the trial of the issue tendered by the aforesaid portions of the pleadings to equity. No evidence was taken in the trial court. The only facts before this court are as alleged in the pleadings.

The material parts of Division I of the petition are as follows:

"Plaintiffs allege that at all times during the progress of the condemnation proceedings hereinafter mentioned and for many years prior thereto, the said forty (40) acre tract first above described and belonging to the plaintiff, James Newby,

has been the homestead of these plaintiffs, who are husband and wife, and the said twenty (20) acre tract, second above described and belonging to the plaintiffs, James Newby and Bertha Newby, has been rented to a tenant by said plaintiffs.

"On or about June 20, 1938, the defendant filed its written application with the sheriff of Polk County, Iowa, for condemnation for airport purposes of the lands described in the written notice served on these plaintiffs on June 22, 1938, hereinafter referred to, in which application it was alleged and charged that the plaintiffs, James Newby and Bertha Newby, were the owners of said lands.

"By written notice dated June 22, 1938, and served on these plaintiffs on the 22nd day of June, 1938, the said city of Des Moines, Iowa, as applicant, notified the said James Newby and Bertha Newby, as alleged owners, that, as a municipal corporation organized and existing under and by virtue of the laws of the State of Iowa, and situated in the County of Polk, it desired the condemnation for airport purposes of the land more particularly described as follows:

"The South One-Half (S½) of the Northeast Quarter (NE¼) of the Northwest Quarter (NW¼) and the Southeast Quarter (SE¼) of the Northwest Quarter (NW¼) of Section Twenty-nine (29), Township Seventy-eight (78) North, Range Twenty-four (24) West of the Fifth (5th) P. M., Polk County, State of Iowa (less highway).

"The lands last described are inclusive of and identical with the two tracts of land first above described.

"These plaintiffs were also advised by said notice that a commission has been appointed for the purpose of appraising the damages which had been caused by such condemnation, and that, on the sixth day of July, 1938, at 10:00 a. m., said commission would view said premises and proceed to appraise said damages.

"Said commission met on or about the sixth day of July, 1938, and on sundry diverse days thereafter, and finally, on July 26, 1938, acting upon said application and notice, returned and filed with the sheriff of Polk County, an award assessing damages in a lump sum on the tracts of land last above described to the plaintiffs jointly, in complete and utter disregard of the facts that said lands comprise two separate and distinct tracts under separate ownerships.

"Thereafter and on the eighth day of August, 1938, these plaintiffs appealed from said award by serving on the above named defendant, City of Des Moines, Iowa, and on C. F. Keeling, sheriff of Polk County, Iowa, a written notice of appeal which was on the 22nd day of August, 1938, duly filed with proof of service in this court and in this cause.

"Plaintiffs further allege and state that on account of each and all of the foregoing matters and things said pretended condemnation proceedings, in so far as the lands belonging to these plaintiffs and each of them are concerned, from their inception were wholly illegal, void, and of no force and effect, and said proceedings should be dismissed as to these plaintiffs, and said lands freed of the cloud on the title caused thereby.

"Wherefore, these plaintiffs and each of them pray that said condemnation proceedings be held void and be dismissed as to plaintiffs and the said lands belonging to each of them, and that said lands be restored to these plaintiffs in accordance with their respective ownerships."

In the answer the city of Des Moines admits that James Newby was the owner of the 40 acres and occupied it as his homestead. The City admits that the 20 acres is owned jointly by James Newby and his wife, Bertha Newby. The answer then alleges, we quote:

"Defendant admits that said commission met on or about the 6th day of July, 1938, and on sundry days thereafter, and that in response to the notice given to the plaintiffs both of the plaintiffs appeared personally before said commission and made claim for damages to all of the premises above described, giving their testimony as to the claimed value thereof and introduced witnesses before said commission, and never at any time did the plaintiffs, or either of them claim that said two tracts of land should be valued separately and that the testimony which plaintiffs gave with respect to the value of said tracts of land and with respect to offers that they had had for the sale thereof, relative to value and offers for said sixty (60) acre tract as a whole, the plaintiffs leading this defendant and the Sheriff's commission to believe that they claimed said tracts of land jointly and that they were submitting the same to said condemnation commission and claiming dam-

ages therefor jointly, and that as a consequence on or about July 25, 1938, said Sheriff's commissioners, acting upon the claim for damages to said property, and fixing the value thereof jointly, as the same had been presented to said commission by the plaintiffs, returned an award assessing damages in one sum for both of said tracts of land: that said award was without prejudice to the rights of the plaintiffs because of the fact that said two tracts of land are of equal value on the per acre basis, all of which is shown by Division or Count II of the petition of the plaintiffs herein, and said award is divisible between the plaintiffs by the application of simple rules of arithmetic.

"Defendant alleges that by reason of all of the foregoing facts plaintiffs have waived any irregularity in the notice of said proceedings and are barred and estopped from claiming any irregularity with respect to any of said proceedings insofar as the descriptions of said real estate by combining said two pieces of land is concerned, and insofar as the award of the commission based upon the value of said sixty (60) acre tract is concerned; and for all the reasons above set forth and for the additional reason that by the simple expediency of stating their claims separately before the Sheriff's condemnation commission and by their revealing what they now claim with respect to the record title of said real estate separate awards could have been made to them by said condemnation commission thus avoiding the technical objections which plaintiffs now make thereto. In this connection defendant states that it is willing, if the plaintiffs so desire, that in connection with this appeal said two parcels of land shall be considered and valued separately, although, as a matter of fact, little could be accomplished thereby because said two tracts are of equal value per acre and the plaintiffs are husband and wife and regardless of the record title of said land are jointly interested in both the said forty (40) acre tract and the said twenty (20) acre tract.

"WHEREFORE, defendant prays that Division or Count I of plaintiffs' petition be dismissed and the relief therein prayed for denied."

To this answer the Newbys filed a reply denying that they waived any of the irregularities in the condemnation proceed-

ings and "that the Sheriff's Commission had both actual and constructive notice of the title to and ownership of the tracts of land sought to be condemned by the defendant, and had actual notice of the uses and occupation of said lands before the pretended award of damages was made, but notwithstanding such notice and such information, and in contravention of the same and of the law, the defendant proceeded to condemn as a unit all of the land belonging to the respective plaintiffs and described in plaintiffs' petition, and the Sheriff's Commission assessed damages in a lump sum thereon."

The city of Des Moines filed a motion to transfer to equity, we quote:

"1. That Count or Division I of plaintiffs' petition is in effect a motion to dismiss proceedings and if the same should be sustained then there would be nothing to try in connection with the issue raised by Division or Count II of plaintiffs' petition.

"2. That the issues presented by Division or Count I of plaintiffs' petition and defendant's answer thereto and plaintiffs' reply are purely equitable, there being nothing for the determination of the jury and the same should be disposed of before the trial on the merits of said cause as presented by Division or Count II of plaintiffs' petition."

The Newbys filed a resistance on December 2, 1938. The motion to transfer Division I of the petition to equity was sustained and from that ruling the Newbys have appealed.

The only question we have to determine is the correctness of this ruling by the court.

It is apparent from what has been heretofore stated that Division I of the petition seeks to dismiss the condemnation proceedings because there were two separate pieces of property owned by different individuals, and the notice and hearing before the sheriff's jury proceeded on the theory that the two pieces were owned by the same individuals. The city admits this, but by way of answer pleads that this was waived by the Newbys. A reply to the answer was filed denying that there was a waiver.

It seems to us that this case is controlled by the recent opinion of this court in the case of Montgomery County v.

Case, 204 Iowa 1104, 1105, 216 N. W. 633, 634, written by Justice Albert. We quote:

"It is quite obvious from these provisions of the statute that the ultimate question to be determined in the district court was the amount of damages which should be allowed the claimant. As a prerequisite to the determination of this question, it must be shown just what interest the claimant had in the property which was to be condemned; that is, whether his title was a fee-simple or a lesser interest, or whether he had only an equitable interest therein. It is therefore quite obvious that the question of title should be settled before the damages can be measured. Sustaining of this motion to transfer this case, therefore, may have worked an advantage to the appellant, instead of an injury. No question is raised as to the right of the parties to have this question of title determined at the trial, but appellant's contention is that it should not have been transferred to equity. Without passing upon the question of whether or not it should be tried in equity, we feel that, under the peculiar circumstances of the case, appellant cannot complain, because it might prove of unlimited advantage to him to try this question in equity. He therefore is not harmed."

So in the case at bar, the ultimate question to be determined in the district court is the amount of damages which should be allowed, and it is to the advantage of appellant to have the question of jurisdiction determined in advance of the trial of the question of damages to the jury.

The appellant argues that the case is controlled by the case of Hoeft v. State, 221 Iowa 694, 695, 266 N. W. 571, 104 A. L. R. 1008, with this we cannot agree. The question in the Hoeft case was whether or not there were two separate properties included in the land in question and whether the damages could be ascertained on the two pieces separately or as one piece. There was a dispute in this regard, and the court held it was a question for the jury. There was no attempt in that case to transfer the issues to the equity calendar. It necessarily follows that the lower court was right.—Affirmed.

OLIVER, C. J., and HAMILTON, SAGER, HALE, BLISS, and MILLER, JJ., concur.